NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**NESTLE PURINA PETCARE COMPANY,**
*Appellant*

**v.**

**OIL-DRI CORPORATION OF AMERICA,**
*Appellee*

———————————

2017-1744

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-00737.

———————————

**ON MOTION**

———————————

Before DYK, O'MALLEY, and HUGHES, *Circuit Judges.*

PER CURIAM.

### O R D E R

This case is an appeal from an *inter partes* review ("IPR") proceeding in which the Patent Trial and Appeal Board ("Board") instituted review as to all challenged claims of Appellee Oil-Dri Corporation of America's ("Oil-Dri's") animal litter patent, but only as to one of the five

grounds of unpatentability set forth in Appellant Nestlé Purina Petcare Company's ("Nestlé's") IPR petition. Nestlé appeals the Board's final written decision upholding all instituted claims. *See Nestlé Purina Petcare Co. v. Oil-Dri Corp. of Am.*, IPR2015-00737, Paper No. 37, 2016 WL 4375267 (P.T.A.B. June 20, 2016).

While briefing on appeal was pending, Nestlé filed a motion for remand to the Board based on documents that Oil-Dri produced to Nestlé in the parallel district court litigation.    *See* Appellant Mot. Remand, ECF No. 40. According to Nestlé, these documents refute certain arguments that Oil-Dri made to the Board during the IPR proceeding regarding the scope of the prior art at issue. Nestlé also asserts that the documents establish that Oil-Dri committed fraud against the Board by making material misrepresentations about the prior art, and that remand is required for the Board to reconsider its institution decision and/or final written decision in view of the documents, as well as to consider whether to impose sanctions.

Although Oil-Dri initially opposed the motion, it has since withdrawn its objection to remand in view of the Supreme Court's decision in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018), and our order in *Polaris Industries Inc. v. Arctic Cat, Inc.*, No. 2017-1870, -1871, 2018 WL 2435544 (Mem) (Fed. Cir. May 30, 2018).   *See* Appellee Rule 28(j) Letter, ECF No. 80.   In *Polaris*, we held that *SAS* constitutes an intervening change in the law, and that a party may seek a remand to address noninstituted grounds. *See Polaris*, 2018 WL 2435544, at *1–2. Oil-Dri now asserts that remand is appropriate for the Board to consider all grounds in Nestlé's IPR petition, consistent with *SAS* and *Polaris*, and contends that, because a remand would likely involve further development of the record, the Board should also be permitted to consider the documents that Nestlé contends necessitated remand in the first place in connection with the grounds as to which

the IPR was originally instituted. Oil-Dri disputes, however, Nestlé's assertions of fraud, and objects to Nestlé's request for the Board to consider sanctions. Nestlé, for its part, agrees that remand is appropriate under *SAS* and *Polaris*, but maintains that the Board should also be permitted to determine whether sanctions are appropriate. *See* Appellant Rule 28(j) Letter, ECF No. 81.

At oral argument, the parties confirmed that there is little daylight between their respective positions. *See* Oral Arg. at 1:35–38, *Nestle Purina Petcare Co. v. Oil-Dri Corp. of Am.* (No. 2017-1744), *available at* http://oralarguments. cafc.uscourts.gov/default.aspx?fl=2017-1744.mp3 ("There is agreement that the case should be remanded here."); *id.* at 10:20–28 ("[W]ith respect to the issue of remand, the differences here are fairly minor."). Both parties agree that remand is appropriate to consider all petitioned grounds of unpatentability and the newly discovered evidence. They disagree, however, on two points. First, as described above, the parties dispute whether the Board should be instructed to consider the propriety of fraud and sanctions; Nestlé argues it should, while Oil-Dri argues it should not. *See id.* at 3:30–55, 10:45–11:10, 12:40–55. Second, they dispute whether and how we should resolve one of Nestlé's arguments related to the prior art's disclosure of particle size, which Nestlé alleges the Board failed to address in its final written decision. Nestlé urges us to address the argument in the first instance on appeal and to "provide some guidance to the Board on the issue" in our remand decision. *See id.* at 7:20–45, 8:55–10:00, 17:00–18:15. Oil-Dri asserts that the argument is waived, and, in any event, is without merit. *See id.* at 14:00–16:35.

We agree with the parties that remand is necessary and appropriate in light of *SAS* and *Polaris*. On remand, the Board *may* consider Nestlé's allegations of fraud and

the propriety of sanctions, but we decline to *require* the Board to do so.  We also decline to address Nestlé's particle size argument for the first time on appeal.  We leave it to the Board to consider that argument to the extent it was properly presented in Nestlé's IPR petition.

Accordingly,

IT IS ORDERED THAT:

(1)  The parties' joint request for remand pursuant to *SAS* is granted.  On remand, the Board shall take appropriate action consistent with *SAS*.

(2)  Pursuant to the parties' agreement, the Board may consider the documents relevant to Nestlé's original motion for remand that the parties submitted to this court.[1]  We do not, however, require the Board to address the issues of fraud or sanctions in connection with those documents.

(3)  Each side shall bear its own costs.

(4)  Pursuant to Federal Circuit Rule 41, this order shall constitute the mandate.


FOR THE COURT

  June 11, 2018      /s/ Peter R. Marksteiner
       Date              Peter R. Marksteiner
                         Clerk of Court

---

[1]    Because the parties agree that remand under *SAS* is appropriate and that the Board should be permitted to consider the documents, Nestlé's original motion for remand is denied as moot.